**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SAMAR AZAWI,

      Appellant,

        v.

DEPARTMENT OF VETERANS
  AFFAIRS,

      Agency.

DOCKET NUMBER
SF-1221-16-0543-W-1

DATE: February 3, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Samar Azawi</u>, Newport Beach, California, pro se.

<u>Joseph Manuel Briones</u>, Los Angeles, California, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to also find that the appellant failed to nonfrivolously allege that her disclosures to the Office of Inspector General (OIG), her complaint to the Office of Special Counsel (OSC), and her report to the Secretary of the agency (Secretary) were contributing factors in any personnel action, we AFFIRM the initial decision.

¶2        The appellant was employed as a supervisory physician at the agency's Long Beach, California facility. Initial Appeal File (IAF), Tab 8 at 39. She filed a Board appeal stating that, based upon false accusations, the agency reduced her in pay, grade, or band, denied her a within-grade increase, temporarily reassigned her, placed her into an absence without leave status, reprimanded her, and downgraded her annual appraisal. IAF, Tab 1 at 2. She attached a closeout letter from OSC that detailed her claims that she reported patient safety practices, delays in patient care, clinical and nonclinical staff shortages, inappropriate use of funds, prohibited personnel practices, harassment, unfair treatment, and hostility. *Id*. at 8. The letter also mentioned her allegation of retaliation for filing complaints with OSC, OIG, and the Secretary. *Id*. Further, the letter detailed the appellant's assertions that the following actions were taken against her: (1) She was subjected to multiple investigations; (2) her colleagues made

false allegations against her; (3) her workload was increased; (4) her request to hire additional staff was denied; (5) her supervisory and administrative duties as the Chief of the Radiation-Oncology Department were removed; (6) she was issued a Letter of Reprimand; (7) her last two performance evaluations were lowered; (8) she was temporarily reassigned; and (9) her request for clinical privileges was denied. *Id.*

¶3      The administrative judge issued an order explaining that the Board might not have jurisdiction over this IRA appeal, informing the appellant of her jurisdictional burden, ordering her to submit a response regarding jurisdiction, and providing the agency an opportunity to respond. IAF, Tab 3. The appellant submitted a response, as did the agency. IAF, Tabs 6, 8. Subsequently, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction because he found that the appellant failed to nonfrivolously allege that she made a protected disclosure. IAF, Tab 9, Initial Decision (ID). The appellant submitted a petition for review, and the agency responded in opposition to the appellant's petition. Petition for Review (PFR) File, Tabs 3, 5.

¶4      On review, the appellant has furnished evidence that she asserts amounts to a nonfrivolous allegation that she made a protected disclosure. PFR File, Tab 3. This evidence consists of the appellant's correspondence from the period between June 2008 and May 2015, including correspondence with OSC, OIG, the Secretary, and Congress. *Id.* at 6-32. Under 5 C.F.R. § 1201.115(d), the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The appellant has not explained why this evidence, all dated before she filed the instant appeal, was unavailable before the record closed below. Accordingly, we will not consider it. *See Thompson v. Department of the Army*, 122 M.S.P.R. 372, ¶ 16 (2015).

¶5        The Board has jurisdiction over an IRA appeal if the appellant exhausts her administrative remedies before OSC and makes nonfrivolous allegations that she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 14; *see also Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1367 (Fed. Cir. 2020).. The Board's regulations define a nonfrivolous allegation as an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).[2] As the U.S. Court of Appeals for the Federal Circuit recently put it: "[T]he question of whether the appellant has non-frivolously alleged protected disclosures [or activities] that contributed to a personnel action must be determined based on whether the employee alleged sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Hessami*, 979 F.3d at 1364, 1369.[3] We find that the appellant has provided no reason to disturb the administrative judge's well-reasoned finding that she failed to nonfrivolously allege that she made a protected disclosure. ID at 6-9; 5 C.F.R. § 1201.4(s).

---

[2] The regulation further provides that an allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that: (1) is more than conclusory; (2) is plausible on its face; and (3) is material to the legal issues in the appeal. *Id*. Pro forma allegations are insufficient to meet the nonfrivolous standard. *Clark v. U.S. Postal Service*, 123 M.S.P.R. 466, ¶ 6 (2016), *aff'd*, 679 F. App'x 1006 (Fed. Cir. 2017), *and overruled on other grounds by Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶ 20 n.11.

[3] Historically, the Board has been bound by the precedent of the U.S. Court of Appeals for the Federal Circuit on these types of whistleblower issues. However, pursuant to the All Circuit Review Act, Pub. L. No. 115-195, 132 Stat. 1510, appellants may file petitions for judicial review of Board decisions in whistleblower reprisal cases with any circuit court of appeals of competent jurisdiction. *See* 5 U.S.C. § 7703(b)(1)(B). Therefore, we must consider these issues with the view that the appellant may seek review of this decision before any appropriate court of appeal.

¶6    We agree with the administrative judge that the appellant's policy disagreements about the agency's failing to provide staffing and not reducing her workload following a colleague's retirement do not constitute a nonfrivolous allegation of a protected disclosure.  ID at 6-9; IAF, Tabs 1, 6.  The administrative judge correctly found that the appellant's assertions—challenging the agency's decisions, such as not supplementing physician staffing, misallocating support staff, and not reclassifying her patients, which required her to carry a greater workload—did not amount to a nonfrivolous allegation of a violation of a law, rule, or regulation.  The appellant did not identify any specific law, rule, or regulation to support her claim, and none is clearly implicated by the disclosure, if indeed she made such a disclosure.  *See Langer v. Department of the Treasury*, 265 F.3d 1259, 1266 (Fed. Cir. 2001).  Likewise, the administrative judge properly determined that a reasonable person with knowledge of the facts known to and readily ascertainable by the appellant would not conclude that she was disclosing such a violation.  ID at 7; s*ee Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 12 (2015) (holding that vague, conclusory, and unsupported allegations do not satisfy the Board's nonfrivolous pleading standard); *Sinko v. Department of Agriculture*, 102 M.S.P.R. 116, ¶ 17 (2006).  The Board has found that when, as here, an alleged whistleblower is expressing disagreement with fairly debatable policy decisions, or decisions plainly within managerial discretion, her disclosures do not fall within those defined as protected under 5 U.S.C. § 2302(b)(8).  *Cf. O'Donnell v. Department of Agriculture*, 120 M.S.P.R. 94, ¶ 14 (2013) (holding that the appellant's alleged protected disclosure was "exactly the type of fairly debatable policy dispute that does not constitute whistleblowing"), *aff'd*, 561 F.App'x 926 (Fed. Cir. 2014).

¶7    Similarly, we agree with the administrative judge that the appellant's challenges regarding personnel and management decisions, including her assertion that her heavy workload would lead to exhaustion, thereby endangering

patient safety, do not rise to the level of a nonfrivolous allegation of an abuse of authority or gross mismanagement.  ID at 7-8; *see Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 10 n.3 (2015) (stating that an employee discloses an abuse of authority when he alleges that a Federal official has arbitrarily or capriciously exercised power that has adversely affected the rights of any person or has resulted in personal gain or advantage to himself or to preferred other persons); *Francis v. Department of the Air Force*, 120 M.S.P.R. 138, ¶ 12 (2013) (stating that gross mismanagement means a management action or inaction that creates a substantial risk of significant adverse impact upon the agency's ability to accomplish its mission and finding that the appellant's mere disagreement with job-related issues concerning training deficiencies did not constitute a nonfrivolous allegation of gross mismanagement).

¶8      We also agree that the appellant did not nonfrivolously allege that she disclosed a gross waste of funds because her argument that the agency should have hired additional part-time or fee-for-service physicians does not address more than a debatable expenditure.  ID at 8-9; *see MaGowan v. Environmental Protection Agency*, 119 M.S.P.R. 9, ¶ 7 (2012) (stating that a gross waste of funds is a more than debatable expenditure that is significantly out of proportion to the benefit reasonably expected to accrue to the Government); IAF, Tab 6 at 11-15.  Regarding the last category of protected disclosures, the administrative judge properly found that the appellant did not nonfrivolously allege that she disclosed a substantial and specific danger to public health or safety.  ID at 8.  The appellant asserted that, after her colleague's retirement, her increased workload and requirement to be available for a greater amount of time could have placed her patients in danger.  However, she also stated that the clinic was able to properly serve patients because of her excellent performance.  IAF, Tab 6 at 16-20.  Thus, given the appellant's contradictory statements, we find that this assertion is too speculative to constitute a nonfrivolous allegation of a protected

disclosure. *See Chambers v. Department of the Interior*, 515 F.3d 1362, 1369 (Fed. Cir. 2008).

¶9 Next, we agree with the administrative judge that the appellant did not nonfrivolously allege that when she filed her equal employment opportunity (EEO) complaints, she participated in protected activity over which MSPB has jurisdiction. ID at 6; IAF, Tab 8 at 19-22. Pursuant to 5 U.S.C. § 1221(a), MSPB only has IRA jurisdiction over equal employment opportunity (EEO) activity covered by 5 U.S.C. § 2302(b)(9)(A)(i), not (b)(9)(A)(ii). Under 5 U.S.C. § 2302(b)(9)(A)(i), it is a prohibited personnel practice to "take or fail to take, or threaten to take or fail to take, any personnel action against any employee . . . because of . . . the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation . . . with regard to remedying a violation of [section 2302(b)(8)]." Section 2302(b)(9)(A)(ii) applies to the exercise of such rights other than with regard to remedying a violation of (b)(8). Thus, MSPB only has jurisdiction over an appellant's EEO complaint in an IRA when the complaint seeks to remedy whistleblower reprisal under 5 U.S.C. § 2302(b)(8). *Bishop v. Department of Agriculture*, 2022 MSPB 28, ¶ 16; *Edwards v. Department of Labor*, 2022 MSPB 9, ¶ 10.

¶10 Here, the EEO complaint contained in the record details the appellant's allegations that she was subjected to a hostile work environment in reprisal for her prior EEO activity. IAF, Tab 8 at 17-22. Because this complaint is limited to the appellant's claims of EEO reprisal and she has not otherwise described the details of her EEO activity, the administrative judge correctly determined that the appellant's EEO complaints were not covered by 5 U.S.C. § 2302(b)(9)(A)(i). *See Bishop*, 2022 MSPB 28, ¶ 16; *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶¶ 6−7 (2013).

¶11 Finally, we modify the initial decision to find that, in addition to failing to nonfrivolously allege that she made a protected disclosure, the appellant did not nonfrivolously allege that she participated in protected activity that was a

contributing factor to any personnel action. The appellant alleged that the agency retaliated against her for filing complaints with OSC, OIG, and the Secretary. IAF, Tab 1 at 8. Assuming that these activities are protected under 5 U.S.C. § 2302(b)(9)(A), and (C), the appellant must nonfrivolously allege that they were one factor that tended to affect an agency's personnel action in any way. *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 13 (2016). One way to establish this criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the activity was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official who took the personnel action knew of the activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the activity was a contributing factor in the personnel action. *Id*. Here, the appellant has not submitted evidence in support of an assertion that agency officials knew about her alleged protected activities. She has not otherwise presented evidence that her activities were a contributing factor in the agency's decision to take a personnel action against her. *See Stile v. Department of Homeland Security*, 116 M.S.P.R. 263, ¶ 24 (2011) (stating that the knowledge/timing test is not the only way for an appellant to satisfy the contributing factor standard). Accordingly, we find that the appellant has not nonfrivolously alleged that her protected activities were a contributing factor in the agency's decision to take a personnel action against her.[4]

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain

---

[4] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court

of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.